The decree is affirmed.

## Sidle *versus* Anderson.

*Unaccepted order under seal not evidence of promise by drawee to pay.— Consideration not implied where none is expressed in paper not negotiable.— Verbal promise of administrator to pay debt of intestate is without consideration if no assets, and void under Statute of Frauds unless reduced to writing.*

1. An order, under seal, on one person to pay money to another, is not, of itself, evidence of a promise or contract by the drawer to pay the payee the amount mentioned in it: for, there being no express promise in it, no consideration could be implied, as it was not negotiable; and as it did not purport to be "for value received," the payee could not, for that reason, recover upon it.

2. Therefore, in an action brought by a plaintiff, in his own right, against two, one of whom was the payee, but who was administrator of the drawer and against whom as such, for an alleged *devastavit* and a verbal promise to settle it, the order was sought to be established as a personal charge; the order was not admissible in evidence: and its admission was error.

3. Where the *devastavit* charged was the settlement of the drawer's estate and payment of the balance to the widow without taking a refunding bond, by the plaintiff who had then no knowledge of the defendant's claim, a verbal promise by him thereafter to settle the claim, was held to be without consideration for want of assets: and that as there was no express promise to pay it, no consideration for an implied promise could arise out of the alleged *devastavit* to make him liable for the amount.

4. If the promise rested upon the alleged *devastavit*, it was, in effect, an engagement by the administrator to answer damages out of his own estate for the debt of another, which was within the Statute of Frauds, and void for want of a writing to that effect.

ERROR to the Common Pleas of *York county*.

This was an action of debt brought by Henry Sidle against James M. Anderson and William S. Anderson.

The plaintiff declared on two notes of defendants, under seal dated December 3d 1845; one for $123, and the other for $120, with interest from date.

On the trial the notes were given in evidence without objection.

The defendants set up two grounds of defence: First, a set-off

[Sidle v. Anderson.]

by book account for $288.86, running from December 16th 1846 to September 27th 1856.   To $161.89 of this the plaintiff replied the Statute of Limitations, which was sustained.   As to $88 of this account the plaintiff avowed and offered evidence to show that it was credited on another note, but insisted that if it was not thus credited, it was also barred by the Statute of Limitations.

Secondly, an order, of which the following is a copy :—

"Dillsburg, August 25th 1845.

"Mr. Talbot Morrisson, Jr. : You will please pay James M. Anderson $250 out of the money betwixt you and me, whenever he presents this order to you, and I will settle with you for the same amount.

"Witness my hand and seal.

"SAMUEL W. SIDLE. [L. S.]

"Witness : WILLIAM S. ANDERSON."

Which order Morrisson had refused to accept, but which it was averred, after Samuel Sidle's death, the plaintiff, who was his father and administrator, had agreed to settle with him, and not plead the Statute of Limitations.

There was a number of witnesses examined for and against this part of the defence, and the order was admitted in evidence under exception.

Under the ruling of the court below, there was a verdict and judgment in favour of the defendants, finding a balance due them of $36.37.

This writ was thereupon sued out by the plaintiff, for whom the following errors were assigned :—

1. The court erred in admitting in evidence, on the part of the defendants, the Morrisson order.

2. In their general charge to the jury in saying as follows :—

"The next question is, did Mr. Henry Sidle promise to pay this order by settling it, or crediting it on these notes ?   There is no pretence by defendants that he did anything more than promise to settle it.   Settle it, they say, by crediting it on these notes.   This allegation depends on the testimony of John Berkheimer and Alexander King.   Does this testimony satisfy you that Sidle agreed to settle this order by applying it as. a credit on these notes ?   In considering this question, the jury will remember these facts : Sidle held three notes ;· the two in suit against the defendants jointly, and one against James M. Anderson, upon which he had credited the $88, the price of the dun mare.   No other notes are shown.   Anderson had, besides this order, a book account.   If the jury are satisfied that the Morrisson order was the one testified about by Berkheimer and King, and that he agreed to settle with James M. Anderson

9 WR.—30

when he had time, they will inquire what was to be settled? Was it some accounts between the defendant and deceased son of Henry Sidle? If it was, it is not shown that Anderson owed Samuel W. Sidle or his estate anything. What was to be settled with the order, the jury will determine from all the facts of the case. Did the plaintiff mean to agree that the order was to liquidate the notes in suit? If from his conversation and all the facts of the case, the jury conclude that Sidle agreed that these notes should be liquidated by the order, having made that arrangement he would be bound by it, and the jury will credit the amount of it on the notes in suit."

3. In charging upon the plaintiff's third point, viz. :—

" If the jury should in fact believe that such a promise was made, yet there having been no consideration for the promise, and no funds in the hands of the plaintiff belonging to the estate of Samuel W. Sidle, deceased, such promise is a *nudum pactum*, and said order cannot be set off ;"—as follows :—

" Answer.—This is correct if the plaintiff had not funds in his hands belonging to the estate of Samuel W. Sidle, or was not liable to account to the creditors of the said S. W. Sidle, for the balance appearing to be in his hands on the face of his administration account of said intestate. But if he had money in his hands belonging to the estate of Samuel W. Sidle, out of which he ought to have paid this order, or having had them, paid them out to the widow, as is shown by her release, this point is not correct."

4. In charging upon the plaintiff's fifth point, viz. :—

" That this order on Morrisson cannot be set off in this suit, as its effect would be to charge the plaintiff as administrator of Samuel W. Sidle, deceased, with damages out of his own estate; or to answer individually for the debt or default of another; there not having been any agreement in writing to that effect, signed by the plaintiff, or by any one by him authorized ;"—as follows :—

" Answer.—This point is not correct. The court cannot affirm this proposition.'

*W. C. Chapman* and *John Gibson*, for plaintiff in error

*H. L. Fisher* and *V. K. Keesey*, for defendants in eror.

The opinion of the court was delivered, July 1st 1863, by

THOMPSON, J.—The seal to this order, the admission of which in evidence constitutes the first bill of exception in this case, destroyed it as a bill of exchange, even if it had been otherwise within the law merchant: Story on Bills, § 62, and note. Indeed it is evident it had never been so considered or treated

[Sidle *v.* Anderson.]

between the maker and payee; for no notice of dishonour by the drawee seems ever to have been given by the latter to the former, although its acceptance and payment were refused. Notwithstanding this, it was received by the court below as evidence of a contract, or promise by the drawer to pay the payee the amount mentioned in the order. There is no express contract to this effect on the face of the instrument; is it to be implied from its nature?

Were it properly a bill of exchange, or a negotiable instrument, a consideration would be implied (Story on Bills, § 63, and note; Chitty on Bills 68, and authorities there cited); but it was neither. Or, if it had expressly said for "value received" the payee might have recovered on it. But this, too, was wanting. As, therefore, it was not an express promise to the payee for value to pay him the face of it in default of payment by the party on whom it was drawn, and its nature not being such as to imply a consideration out of which the law would also imply a promise to pay, we think it was not evidence alone to charge the plaintiff with the amount. The original consideration for it was the proper foundation for an action. This was expressly held in Dyer *v.* Covington Township, 7 Harris 200.

That it was under seal did not imply a consideration paid for it by the defendant. The seal attested the drawer's promise to the drawee, and therefore did not help the matter of consideration between the payee and drawer. For these reasons we think the court erred in receiving the paper as sufficient to charge the plaintiff.

Another point needs notice, and about which we think the learned judge below erred; and that has relation to the question whether the promise proved, if it amounted to that, was within our Statute of Frauds. The plaintiff brought suit against the defendant in his own right. To this the defendant pleaded set-off, and offered the order in question in evidence to support his plea. It was the order of Samuel W. Sidle, deceased, drawn in his lifetime, on one Morrisson, in favour of the defendant. The plaintiff was the administrator of his son's estate; had settled his administration account, without a knowledge of the defendant's claim, and handed over the balance of the estate to the widow of the deceased. This was shown by the defendant to establish a *devastavit* by the administrator, because as he was entitled as heir of his son, who died without children, to the one-half of it, and had not only paid that away to the widow, but paid over her share without a refunding bond, this seemed to be necessary proof to sustain his position. It was therefore not possible to claim that the promise was made on account of assets. The proof showed there was none. But it rested on the supposed proof of a *devastavit,* which it was assumed was the consideration

[Sidle *v.* Anderson.]

for the promise to pay the order. If there was a promise by the administrator to be personally liable, it had no other consideration than that implied in the allegation of an existing *devastavit*. There was no *express* promise to pay on any such ground, and the case of Wilson *v.* Long, 12 S. & R. 59, very clearly determines that no implied contract to pay arises out of a *devastavit*. This would be decisive of the case on grounds independent of the statute. But suppose the promise rested on this ground expressly. It would be a promise by the administrator to answer the "damage out of his own estate," for "the debt of another;" and this would certainly be within the statute, and not binding for want of a writing to that effect. We think the contrary view taken by the learned court was error; and for both these reasons this judgment must be reversed. We do not deem it necessary to notice other points in the case, as those already noticed cover the whole ground.

Judgment reversed, and *venire de novo* awarded.